T.C. Memo. 1996-264

UNITED STATES TAX COURT

ALLAN R. POWELL AND JOAN K. POWELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3499-93.                    Filed June 11, 1996.

<u>Edward L. Blanton, Jr.</u>, for petitioners.

<u>Alan R. Peregoy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  Respondent determined a deficiency in petitioners' Federal excise tax[2] under section 4980A for the taxable year 1990 in the amount of $45,991.[3]  In an amended petition, petitioners claimed an overpayment of income tax by electing to use the 10-year forward averaging provisions under section 402(e)(1).

After a concession by respondent,[4] the primary issue for decision is whether petitioner Allan R. Powell is liable for the 15-percent excise tax under section 4980A for the taxable year 1990.  The resolution of this issue turns on whether a Transfer Refund distribution was paid from a qualified employer plan pursuant to section 4980A(e)(2).  If we decide that the Transfer

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] In the notice of deficiency, respondent characterized the deficiency as a deficiency in income tax rather than excise tax. It would appear that respondent erred in this regard.

[3] Sec. 4980A imposes a 15-percent excise tax on excess distributions from qualified retirement plans.  This tax is included within ch. 43 of the I.R.C. and is subject to the deficiency procedures set forth in subch. B of ch. 63 of the I.R.C.  See sec. 6211(a).

[4] Respondent concedes that petitioner Joan K. Powell is not liable for the deficiency in issue herein.

Refund distribution was paid from a qualified employer plan under section 4980A(e)(2), then we must also decide whether such distribution qualifies for 10-year forward averaging under section 402(e)(1).

## FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. Petitioners resided in Hagerstown, Maryland, at the time their petition was filed with the Court.

Petitioner Allan R. Powell (petitioner) was a teacher for 41 years in the Baltimore and Hagerstown Public Schools until his retirement, effective July 1, 1992. At the time of trial, petitioner was employed as a part-time professor at Hagerstown Junior College. As an employee of the Baltimore and Hagerstown Public Schools, petitioner was a member of the Maryland State Teachers' Retirement System (the Retirement System) until he transferred to the Maryland State Teachers' Pension System (the Pension System) on June 1, 1990.

In determination letters dated June 23, 1982, respondent determined that the Retirement System and the Pension System were qualified plans under section 401(a) and that they maintained trusts that were exempt from income tax under the provisions of section 501(a). In 1984, 2 years after respondent issued the determination letters, the Maryland State legislature amended some of the provisions of the Retirement System. Respondent did not re-evaluate the provisions of the Retirement System after the

enactment of the 1984 amendments by the Maryland State legislature.

The Retirement System requires mandatory nondeductible employee contributions. In contrast, the Pension System does not generally require such contributions. The State of Maryland contributes to both the Retirement System and the Pension System on behalf of the members of those systems.

On May 1, 1990, petitioner elected to transfer from the Retirement System to the Pension System, effective June 1, 1990. As a result of the election to transfer, petitioner received a distribution (the Transfer Refund) from the Retirement System in the amount of $477,088.30. Petitioner received the Transfer Refund in the form of a check dated June 29, 1990.

Petitioner's Transfer Refund consisted of $20,477.11 in previously taxed contributions made by petitioner during his employment tenure with Baltimore and Hagerstown Public Schools, and $456,611.19 of taxable earnings in the form of interest. The earnings; i.e. $456,611.19, constitute the taxable portion of the Transfer Refund.

When petitioner transferred from the Retirement System to the Pension System, and when he received his Transfer Refund, he had attained the age of 64. If petitioner had not transferred to the Pension System but rather had remained a member of the Retirement System, he would have been entitled to retire at an appropriate age and receive a normal service retirement benefit,

including a regular monthly annuity. He would not, however, have been entitled to receive a Transfer Refund because a Transfer Refund is only payable to those who elect to transfer from the Retirement System to the Pension System.

As a result of transferring from the Retirement System to the Pension System, petitioner became, and presently is, a member of the Pension System. As a member of the Pension System, petitioner became entitled, upon retirement, to receive a retirement benefit based upon his salary and his creditable years of service, specifically including those years of creditable service recognized under the Retirement System. However, because petitioner received the Transfer Refund on account of transferring from the Retirement System to the Pension System, petitioner's monthly annuity is less than the monthly annuity that he would have received if he had not transferred to the Pension System but had ultimately retired under the Retirement System.

On March 17, 1992, petitioner applied for a normal service retirement from the Pension System, effective July 1, 1992. Petitioner is currently receiving a pension from the Pension System.

On their Federal income tax return (Form 1040) for 1990, petitioners reported "total pensions and annuities" in the amount of $477,088. Of this amount, petitioners reported $456,611 as the taxable amount.

In the notice of deficiency, respondent determined a deficiency in petitioners' excise tax under section 4980A in the amount of $45,991.[5]  In an amended petition, petitioners claimed an overpayment of income tax by electing to use the 10-year forward averaging provisions under section 402(e)(1).  Respondent contends that petitioners do not qualify for 10-year forward averaging because the Transfer Refund did not constitute a "lump sum distribution" within the meaning of section 402(e)(4)(A).

OPINION

The primary issue for decision is whether petitioner Allan R. Powell is liable for the 15-percent excise tax under section 4980A for 1990.  As previously noted, the resolution of this issue turns on whether the Transfer Refund was paid from a qualified employer plan within the meaning of section 4980A(e)(2).

Section 4980A imposes a 15-percent excise tax on excess distributions from qualified retirement plans.  Sec. 4980A(a).  As relevant herein, an "excess distribution" is defined as the aggregate amount of "retirement distributions" with respect to any individual during any calendar year to the extent that such amount exceeds $150,000.  Sec. 4980A(c)(1).  The definition of an excess distribution is modified, however, for a "lump sum

---

[5] See supra note 4 regarding respondent's concession; see supra note 2 regarding respondent's mischaracterization of petitioners' excise tax deficiency.

distribution" to which a forward averaging election under section 402(e)(4)(B) applies. Thus, as relevant herein, if the aggregate retirement distributions with respect to any individual include a lump sum distribution to which an election under section 402(e)(4)(B) applies, an "excess distribution" exists to the extent that the retirement distributions exceed $750,000; i.e., five times the amount of the limitation otherwise provided by section 4980A(c)(1). Sec. 4980A(c)(4).

Retirement distributions are the amount distributed to an individual under an individual retirement plan or any "qualified employer plan" with respect to which such individual is or was the employee. Sec. 4980A(e)(1). As relevant herein, section 4980A(e)(2) defines a qualified employer plan as "a plan described in section 401(a) which includes a trust exempt from tax under section 501(a)" and a plan which, at any time, has been determined by the Commissioner to be such a plan.

Petitioners contend that the Retirement System does not satisfy the definition of a qualified employer plan for two primary reasons. First, petitioners argue that the term "qualified employer plan" as used in section 4980A(e)(2) and section 54.4981A-1T(a-3)(c)(2), Temporary Qualified Pension Plan Excise Tax Regs., 52 Fed. Reg. 56750 (Dec. 10, 1987), does not contemplate governmental plans such as the Retirement System. Second, petitioners argue that the amendments made to the Retirement System in 1984 violate various provisions of section

401(a) and terminated its qualified status so that the Retirement System was not a qualified employer plan at the time that it issued petitioner's Transfer Refund in 1990. Petitioners further argue that the excise tax under section 4980A should not apply to petitioner's Transfer Refund unless the Retirement System was a qualified employer plan at the time that it distributed the Transfer Refund.

We have previously considered and rejected petitioners' contention in Montgomery v. Commissioner, T.C. Memo. 1996-263. We see no need to revisit the issue. Therefore, for the reasons stated in Montgomery v. Commissioner, supra, we hold that petitioner received a retirement distribution under section 4980A(e)(1) in the amount of $456,611.

We now turn to petitioners' alternative argument. If the Retirement System is a qualified employer plan, petitioners contend the following: (1) The Transfer Refund was a lump sum distribution, (2) petitioner elected forward averaging under section 402(e), and (3) there was no excess distribution because petitioners's lump sum distribution and annuity payments did not exceed $750,000. The resolution of this issue turns on whether the Transfer Refund constitutes a lump sum distribution within the meaning of section 402(e)(4)(A).

A "lump sum distribution" is defined in section 402(e)(4)(A) as follows:

        (A) Lump sum distribution.--For purposes of this section * * * , the term "lump sum distribution" means the distribution or payment within one taxable year of the recipient of the <u>balance to the credit</u> of an employee which becomes payable to the recipient--
            (i) on account of the employee's death,
            (ii) after the employee attains age $59\frac{1}{2}$,
            (iii) on account of the employee's separation from the
                service, or
            (iv) after the employee has become disabled * * *
        from a trust which forms a part of a plan described in section 401(a) and which is exempt from tax under section 501 * * * .  For purposes of this subsection, the balance to the credit of the employee does not include the accumulated deductible employee contributions under the plan (within the meaning of section 72(o)(5)).  [Emphasis added.]

There is no dispute that the Transfer Refund was received by petitioner after he attained the age of $59\frac{1}{2}$, nor is there any dispute that the Transfer Refund was distributed within a single taxable year.  Moreover, for purposes of deciding whether petitioner received a lump sum distribution, there is no dispute that the Retirement System is a plan described in section 401(a) and that the trust forming a part of the Retirement System is exempt from tax under section 501.  Therefore, the only issue is whether petitioner received the "balance to the credit" when he received the Transfer Refund

In determining a taxpayer's "balance to the credit", section 402(e)(4)(C) provides in relevant part:

        (C) Aggregation of certain trusts and plans.--For purposes of determining the balance to the credit of an employee under subparagraph (A)--

(i) all trusts which are part of a plan shall be treated as a single trust, <u>all pension plans maintained by the employer shall be treated as a single plan</u> * * * . [Emphasis added.]

This Court has previously held that section 402(e)(4)(C) requires that we treat the Retirement System and the Pension System as a single pension plan. <u>Dorsey v. Commissioner</u>, T.C. Memo. 1995-97; <u>Brown v. Commissioner</u>, T.C. Memo. 1995-93; <u>Hoppe v. Commissioner</u>, T.C. Memo. 1994-635; <u>Hamilton v. Commissioner</u>, T.C. Memo. 1994-633; see <u>Wheeler v. Commissioner</u>, T.C. Memo. 1993-561; see also <u>Sites v. United States</u>, 75 AFTR 2d 95-2503, 95-1 USTC par. 50,280 (D. Md. 1995). Thus, as a consequence of aggregating the Retirement System and the Pension System, we have held that a taxpayer's transfer from the Retirement System to the Pension System allows the taxpayer to receive the balance to his or her credit in two parts, an initial single payment (the Transfer Refund) and a reduced monthly annuity (based on all of the taxpayer's years of creditable service and on the taxpayer's salary during those years). Thus, we have consistently held that a Transfer Refund does not constitute a taxpayer's entire "balance to the credit" in the Retirement and Pension Systems and is therefore not a lump sum distribution within the meaning of section 402(e)(4)(A).

In view of the foregoing, we hold that the Transfer Refund did not constitute a lump sum distribution within the meaning of section 402(e)(4)(A) because petitioner did not receive the

"balance to the credit" when he transferred from the Retirement System to the Pension System.  Accordingly, petitioners are not entitled to the increased threshold amount, i.e., $750,000, set forth in section 4980A(c)(4) in determining the amount of petitioner's excess distributions for purposes of the excise tax under section 4980A.

Because petitioner received a retirement distribution under section 4980A(e)(1) in the amount of $456,611, we sustain respondent's determination that petitioner received an excess retirement distribution in the amount of $306,611 ($456,611 less $150,000) and petitioner is therefore liable for the 15-percent excise tax under section 4980A.

We have considered petitioners' remaining arguments regarding section 4980A and find them unpersuasive.

Finally, we reject petitioners' claim of an overpayment of income tax because the Transfer Refund does not qualify for 10-year forward averaging under section 402(e)(1).  The law is clear that if a distribution is not a "lump sum distribution" within the meaning of section 402(e)(4)(A), then such distribution does not qualify for forward averaging under section 402(e)(1).  E.g., Clark v. Commissioner, 101 T.C. 215, 218-219 (1993).  We have already held, supra at p. 10, that the Transfer Refund did not constitute a lump sum distribution because petitioner did not receive the "balance to the credit" when he transferred from the

Retirement System to the Pension System.  Consequently, the Transfer Refund does not qualify for forward averaging.

In order to give effect to our disposition of the disputed issues, as well as respondent's concession,

<u>Decision will be entered</u>

<u>under Rule 155</u>.